UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY FIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC., a | ) | No.: |
| Delaware Corporation, RASIER, LLC, a | ) | |
| Delaware Company, and DANIEL L. | ) | |
| CARDWELL | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

PLEASE TAKE NOTICE, Defendants, UBER TECHNOLOGIES, INC. ("Uber") and

RASIER, LLC ("Rasier"), pursuant to 28 U.S.C.§§ 1332, 1441, and 1446, hereby remove this civil

action from the Circuit Court of Cook County, Illinois to the United States District Court for the

Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Uber and

Rasier state as follows:

## I. THE STATE COURT ACTION

1. On December 3, 2019, Emily Field, ("Plaintiff") re-filed an action in the Circuit

Court of Cook County, Illinois, styled *Emily Field v. Uber Technologies, Inc., Rasier, LLC and*

*Daniel L. Cardwell,* Case No. 2019-L-013252. A true and correct copy of the Complaint is

attached hereto as Exhibit "A".

2. Plaintiff has asserted personal injury claims arising out of an alleged accident that

occurred on February 4, 2016, in the State of Illinois. Ex A ¶¶ 1, 4. Plaintiff claims the vehicle

she was operating was struck by the vehicle driven by Cardwell on the right driver's side, causing

Plaintiff to be injured. Upon this set of operative facts, Plaintiff brings claims for negligence

against Uber and Rasier. Ex A, *Counts I and II*.

3. Uber was served with Plaintiff's Summons and Complaint on December 17, 2019.

A true and correct copy of Process of Service is attached hereto as Exhibit "B".

4. Rasier was served with Plaintiffs' Summons and Complaint on December 17, 2019.

A true and correct copy of Process of Service is attached hereto as Exhibit "C".

5. Upon information and belief, to date, Defendant, Daniel L. Cardwell, has not been

served. Furthermore, upon information and belief, Defendant, Daniel L. Cardwell, is domiciled in

Las Vegas, Nevada.

6. As will be shown below, this case is properly removed to this Court pursuant to 28

U.S.C. § 1441. There is complete diversity of citizenship between Plaintiff and all Defendants;

the amount in controversy exceeds $75,000.00, exclusively of interest and costs; and Uber and

Rasier are filing the instant Notice of Removal within thirty (30) days of December 17, 2019, the

date of service of the Complaint upon Uber and Rasier.

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

7. The Complaint was served upon Uber and Rasier on December 17, 2019. Uber and

Rasier first received notice of the Complaint on December 17, 2019. Therefore, the removal of

this action is timely in accordance with 28 U.S.C. § 1446(b) because the Notice of Removal was

filed within thirty (30) days of service of the Complaint on Uber and Rasier. See 28 U.S.C. §

1446(b).

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions and orders that have been filed in the State Court Action are attached hereto as Exhibits A through C.

9.      This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

10.     No previous application has been made for the relief requested herein.

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Circuit Court Cook County, Illinois.

12.     If any question arises regarding the propriety of the removal of this action, Uber and Rasier respectfully request the opportunity to present a brief and/or oral argument in support of their position that this case is removable.

### III.     REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

13.     Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different States, and there is a good faith basis to believe that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1441.

#### A.      Complete Diversity of Citizenship Exists

14.     Plaintiff Emily Field, upon information and belief, at all relevant times have been residents and citizens of the State of Illinois.

15.     Defendant, Daniel L. Cardwell, is believed to be a resident of, and domiciled in, the State of Nevada.

16.     Defendant Uber Technologies, Inc. is a Delaware corporation with its principal place of business being 1455 Market Street, 4th Floor, San Francisco, California, 94103. Accordingly, Uber is a citizen of Delaware and California for diversity purposes. See 28 U.S.C. § 1332(c)(l).

17.     Defendant Rasier, LLC is a wholly owned subsidiary of Uber Technologies, Inc. Rasier, LLC is a limited liability company organized under the laws of the State of Delaware. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark; LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Rasier, LLC's sole member is Uber Technologies, Inc. As stated above, Uber Technologies, Inc, is a Delaware corporation with its principal place of business being 455 Market Street, 4th Floor, San Francisco, California, 94103. Accordingly, Rasier, LLC is a citizen of Delaware and California for diversity purposes. See 28 U.S.C. § 1332(c)(l).

18.     In turn, there is complete diversity of citizenship among the parties.

**B.      The Amount in Controversy Exceeds $75,000.00**

19.     For the amount in controversy requirement to be satisfied, a removing defendant need only show " … by a preponderance of the evidence that the case meets the $75,000.00 threshold" *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006).

20.     In the Complaint, Plaintiff alleges that as a result of their injuries, each "sustained severer and permanent injuries, both internally and externally and was and will be hindered and prevented from attending her usual duties and affairs and has lost and will in the future lose, the value of that time, as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended money and became liable for, and will expend and become liable for, large sums of money for medical care and serves

endeavoring to become healed and cured of said injuries." (Ex. A, Count I, ¶ 6; II, ¶ 6; Count III, ¶ 5).

21.     While Plaintiff does not specify in her pleading the precise amount of damages sought, she does seek damages in a sum in excess of fifty thousand ($50,000.00) dollars per Count. (Ex. A, Count I, ¶ 6; II, ¶ 6; Count III, ¶ 5).

22.     For the reasons set forth above, Uber and Rasier are entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants Uber Technologies, Inc. and Rasier, LLC hereby remove the action now pending against them in the Circuit Court of Cook County to this Honorable Court, and request that this Court retain jurisdiction for all further proceedings.

Respectfully Submitted,
UBER TECHNOLOGIES, INC. and
RASIER, LLC

/s/ *Kevin M. Casey*
Kevin M. Casey

Kevin M. Casey
Peterson, Johnson & Murray Chicago, LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
312-724-8044
312-896-9318 – fax
kcasey@pjmchicago.com